IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kimberly M. Lagrand,<br><br>    Plaintiff,<br><br>v.<br><br>Lyles & Associates, LLC and Robert T. Lyles, Jr., in his individual and official capacities,<br><br>    Defendants. | C/A No.: 2:26-cv-00171-DCN<br><br><br>**COMPLAINT**<br>**(Violation of FLSA and the Payment of Wage Act)**<br>**JURY TRIAL DEMANDED** |

Plaintiff Kimberly Lagrand ("Plaintiff"), complaining of Defendants Lyles & Associates, LLC and Robert T. Lyles, Jr., would respectfully show unto this Honorable Court as follows:

## NATURE OF THE ACTION

1.     Plaintiff was an hourly employee for Defendant and consistently worked over 40 hours a week but was not paid a premium for her time over 40 hours a week. Defendant pay for any hours worked above 40 hours to avoid paying time a half as required by the Fair Labor Standards Act ("FLSA"). This is an action brought individually for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the FLSA. This action is also brough for unpaid wages under the South Carolina Payment of Wages Act. This action arises out of Plaintiff's employment with Defendant. willfully and intentionally mischaracterized Plaintiff exempt from overtime.

1

## PARTIES, JURISIDICTION, & VENUE

2. Plaintiff, Kimberly M. Lagrand ("Plaintiff"), is an individual citizen and resident of Charleston County, South Carolina.

3. Defendant Lyles & Associates, LLC is a South Carolina limited liability company with its principal place of business in Charleston County, South Carolina. Defendant Robert T. Lyles, Jr. ("Lyles") is an individual citizen and resident of South Carolina and, at all relevant times, was an owner, officer, and managing member of Lyles & Associates, LLC.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Charleston County, South Carolina.

7. Both Defendants conduct business in this District, and Defendant Lyles & Associates, LLC is headquartered within the Charleston Division.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

9. Plaintiff began her employment with Defendant Lyles & Associates, LLC in August 2020 as a litigation paralegal.

10. Plaintiff's primary duties included managing extensive discovery, coordinating communications, and overseeing litigation logistics across numerous parties, scheduling and coordinating attorney's activities, preparing draft legal documents for the attorney's

review, maintaining case files, organizing exhibits and supporting discovery documents for the attorney, all of which were non-exempt under the Fair Labor Standards Act ("FLSA").

11. During all times relevant to this complaint, Plaintiff was not an "executive," "administrative," or "professional" employee, as those terms are defined by the FLSA. *See* 29 C.F.R. § 213(a)(1).

12. By failing to compensate Plaintiff at the rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendant acted with disregard of the applicable FLSA provisions. *See* 29 U.S.C. § 207(a).

13. By March 2021, Plaintiff began raising concerns—both in person and in writing—with Defendant Lyles and Cindy Worsham ("Worsham") regarding the extensive overtime she was working without compensation and the increasingly complex nature of the work being assigned to her.

14. On June 23, 2021, Plaintiff met in person with Defendant Lyles to discuss receiving a raise and her payment of overtime wages, both retroactively and on a going-forward basis. During that meeting, Defendant Lyles granted Plaintiff a raise and agreed that Plaintiff would be paid for any overtime worked.

15. Despite this agreement, Plaintiff's next paycheck did not reflect any payment for overtime. When Plaintiff raised the issue in writing on July 2, 2021, Defendant Lyles stated that he had not provided the necessary information to payroll in time, indicated that a supplemental paycheck would be issued, and directed Plaintiff to submit her overtime hours on a weekly basis.

16.     Shortly thereafter, on July 7, 2021, Plaintiff sent Defendant a detailed written breakdown of the overtime hours she had worked during the preceding four months.

17.     On July 8, 2021, Defendant responded to Plaintiff's overtime request by asserting that paralegals at Plaintiff's salary level were exempt from the Fair Labor Standards Act's overtime requirements, directly contradicting Defendant's prior written and verbal statements instructing Plaintiff to submit overtime hours weekly.

18.     Later that same evening, Plaintiff responded with a detailed written communication disputing Defendant Lyles' interpretation of the FLSA. Plaintiff explained that it was her understanding that paralegals are classified as non-exempt employees, that her rate of pay did not preclude overtime eligibility, and that her duties did not involve management or general business operations that could support an exemption. Plaintiff further advised Defendant Lyles that she had been paid overtime and productivity-based bonuses in prior, higher-paying positions.

19.     In that same communication, Plaintiff expressed disbelief that Defendants would expect her to continue working extensive overtime without compensation, particularly while she was performing the work of multiple paralegals who had departed the firm.

20.     On July 11, 2021, Defendant Lyles sent Plaintiff a written response reiterating his position that Plaintiff was not entitled to overtime compensation under the FLSA. In that same communication, Defendant Lyles stated that he was "glad" for Plaintiff to work a 37.5-hour week for her salary, while simultaneously acknowledging that if the work assigned could not be completed within that schedule, adjustments would need to be made. Rather than compensating Plaintiff for the overtime hours she had already worked,

Defendant Lyles offered Plaintiff a discretionary bonus that was expressly not tied to past or future overtime hours and did not compensate Plaintiff for unpaid wages owed.

21. On July 12, 2021, Plaintiff responded in writing, again seeking clarification from the Defendant regarding his position, that she was exempt from overtime pay. Plaintiff further advised that, because Defendant was refusing to pay her overtime, she would no longer work more than 7.5 hours a day for a total of 37.5 hours a week and that work would of necessity have to be redistributed to others within the firm. Defendant did not respond to this email.

22. Following Defendant Lyles' July 2021 refusal to pay overtime, Plaintiff initially attempted to limit her work to a 37.5-hour workweek, consistent with Defendant's stated expectation. However, Defendants continued to assign Plaintiff workloads that could not be completed within that schedule, including urgent litigation tasks, court deadlines, and responsibilities previously managed by multiple paralegals.

23. From August 2020 through approximately September 2024, Defendants used ADP to process payroll. ADP provides timekeeping tools that allow employees to record daily hours, overtime, vacation, and other leave, including electronic timesheets.

24. Upon information and belief, Defendants did not implement any of ADP's timekeeping features and did not instruct Plaintiff—or any employee of the firm—to record or verify their actual hours worked through ADP's system.

25. Instead, Defendants caused ADP to record "40 hours" per week for Plaintiff and other staff members, regardless of the number of hours actually worked, including weeks in which Plaintiff worked substantial overtime or was out on vacation.

26.     In or around September 2024, the firm engaged Checkmate HR to assist with billing and payroll administration, although payroll continued to be processed through ADP. Plaintiff was never notified of this change in payroll administration and did not become aware of Checkmate HR's involvement until July 2025, when she attempted to obtain copies of her paystubs.

27.     Defendants or Checkmate HR never instructed plaintiff to record her actual hours, nor was she provided access to any timekeeping tools to do so. Despite the administrative change, the payroll entries continued to reflect a uniform "40 hours" each week.

28.     Upon information and belief, Defendants continued supplying—or directing the submission of—false hour totals to ADP and/or Checkmate HR during this period, resulting in knowingly inaccurate reporting of Plaintiff's work hours.

29.     When Plaintiff contacted ADP's representative via email in July 2025 to ask who was providing the weekly hour totals, ADP was unable to identify who was entering the data. No response was provided to Plaintiff's follow-up question asking why her hours remained the same each week despite the absence of any time records submitted directly by the Plaintiff to ADP.

30.     These facts demonstrate that Defendants knowingly failed to track employees' actual work hours, continued to report default "40 hour" entries in violation of federal recordkeeping requirements, and willfully disregarded the need to maintain accurate payroll data despite Plaintiff's repeated communications regarding her workload and overtime work.

## FOR A FIRST CAUSE OF ACTION
Fair Labor Standards Act – Unpaid Overtime

31. Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if restated herein verbatim.

32. Defendant employed Plaintiff as non-exempt workers during the time periods relevant to this Complaint.

33. Defendant is a covered employer within the meaning of the FLSA, as it is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

34. Throughout Plaintiff's employment, Defendant required Plaintiff to work in excess of 40 hours per workweek without compensating Plaintiff for such hours worked in excess of 40 at a rate of not less than one and one-half times Plaintiff's regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act. failing to pay the requisite time-and-a-half overtime compensation to employees who worked more than 40 hours in a workweek, in violation of 29 U.S.C. § 207.

35. Defendant knew it had a duty to pay Plaintiff overtime wages required by the Fair Labor Standards Act.

36. Defendant's failure and/or refusal to pay Plaintiff overtime wages required when it knew Plaintiff was working overtime hours was a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

37. As a direct result of Defendant's actions, which Plaintiff contends were willful in nature, Plaintiff is entitled to an award against Defendant for actual, compensatory and

punitive damages, including both back pay and liquidated damages, along with attorneys' fees and costs related to this action and any pre-judgment interest.

38.    Plaintiff is entitled to damages in the amount of their unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

39.    The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendant and Defendant is under a duty pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order from this Court requiring Defendant to preserve such records during the pendency of this action.

## FOR A SECOND CAUSE OF ACTION
### (Payment and Wage Act)

40.    Plaintiff's pay was represented to her to be based on a 37.5 hour work week. Plaintiff worked more than 37.5 hours most every week. She did not get paid for 2.5 hours difference each week.

41.    Pursuant to the South Carolina Payment of Wages Act, Plaintiff was entitled to the difference in pay for straight time of 2.5 hour each week.

42.    Defendant's failure to pay the difference in straight is a violation of the Act. Plaintiff is entitled to three times the amount owed.

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully request that this Court grant the following relief:

    a.    An order tolling the relevant statutes of limitations;

8

    b.      An order declaring that Defendant violated the FLSA;
    c.      An order declaring that Defendant violated the Payment of Wages act;
    d.      An award of unpaid straight time;
    e.      An award of unpaid overtime wages due under the FLSA
    f.      An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages;
    g.      An award of prejudgment and post-judgment interest
    h.      An award of costs and expenses of this action together with attorney's fees;
    i.      Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

                                      Respectfully submitted,

                                      s/Janet E. Rhodes
                                      Janet E. Rhodes (Fed. Bar No.:10521)
                                      BURNETTE SHUTT & MCDANIEL, PA
                                      Post Office Box 1929
                                      Columbia, South Carolina 29202
                                      Tel. (803) 904-7933
                                      Fax (803) 904-7910
                                      JRhodes@burnetteshutt.law

                                      **ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

January 16, 2026